**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JI'HADD HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>DEPT. OF CORRECTIONS, *et al.*,<br><br>Defendants. | No. 4:26-CV-01028<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 23, 2026**

Plaintiff Ji'Hadd Harrison filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). Because Harrison fails to state a claim upon which relief may be granted, the Court will dismiss her[2] Section 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant leave to amend.

## I. BACKGROUND

During the events that underlie this lawsuit, Harrison was incarcerated at SCI Dallas. It appears that after filing the instant complaint, Harrison was transferred to SCI Fayette, then to SCI Greene, and ultimately to SCI Pine Grove.[3]

---

1 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

2 Harrison "is a transgender" woman and uses feminine pronouns. *See generally* Doc. 1.

3 *See* Docs. 10, 18, 22, respectively.

Harrison's complaint appears to be a combination of claims alleging improper treatment as a transgender inmate at SCI Dallas. According to Harrison, while incarcerated at SCI Dallas, she was forced to shower in an open shower "with predators, killers, rapists, and booty bandits."[4] She avers that she was raped and sexually harassed by inmates on several occasions in February and March 2026.[5] Harrison further alleges that SCI Dallas "destroyed all of [her] female products, clothes, and transitions kit."[6]

Harrison lodged the instant lawsuit in this Court in April 2026.[7] Although she titled her filing "Motion for Preliminary Injunction and Temporary Restraining Order," the Court liberally construed the filing as a Section 1983 civil rights complaint seeking preliminary injunctive relief.[8] Harrison names two defendants: the Pennsylvania Department of Corrections (DOC) and SCI Dallas.[9]

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[10] One

---

4 *Id.* ¶ 1.
5 *Id.* ¶¶ 8-10.
6 *Id.* ¶ 12.
7 *See generally* Doc. 1.
8 *See id.* ¶ 13 (requesting injunctive relief in the form of "requiring the Defendant[s] to arrange for an examination and plan of treatment by a qualified PREA specialist . . . and requiring Defendants to carry out that plan of treatment and give [Harrison] new LGBTQ+ cosmetics, clothes, and property").
9 *Id.* at p. 1.
10 *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[11] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[12]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[13] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[14] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[15]

---

[11] *Id.* § 1915A(b)(1).

[12] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[13] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[14] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[15] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[16] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[17] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[18] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[19] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

Because Harrison proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[21] This is particularly true when the *pro se* litigant, like Harrison, is incarcerated.[22]

## III. DISCUSSION

The Court has thoroughly reviewed Harrison's *pro se* complaint. Harrison does not explicitly identify any constitutional tort claims; she does not even

---

16 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
17 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
18 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
19 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
20 *Iqbal*, 556 U.S. at 681.
21 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
22 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

mention a constitutional amendment on which she bases her lawsuit. As best as the Court can discern, Harrison appears to be raising an Eighth Amendment failure-to-protect claim regarding her mistreatment as a transgender woman and the resulting sexual assaults by other inmates. It is also possible that Harrison is attempting to assert a Fourteenth Amendment claim of deprivation of property without due process of law.

The Court, however, need not endeavor to decipher precisely which Section 1983 claim or claims Harrison may be attempting to raise in her complaint. That is because her lawsuit is deficient for more global reasons.

**A. Personal Involvement**

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[23] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[24] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[25] Furthermore, it is

---

23 *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

24 *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

25 *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[26]

Although Harrison sues only the DOC and SCI Dallas, she also briefly mentions several prison officials in her complaint.[27] However, the allegations involving the two identified prison officials (CCPM W. Inniss and Major E. Pyzia) concern only their involvement in the post-incident grievance process, which does not allege personal involvement for Section 1983 liability.

To plausibly plead a Section 1983 claim, Harrison must specify each defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. Thus, to the extent that Harrison is attempting to assert a Section 1983 claim against Inniss or Pyzia, those claims must be dismissed under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. Claim(s) Against the DOC and SCI Dallas

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under

---

26 *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

27 *See* Doc. 1 ¶¶ 6, 7.

color of state law."[28] Only "persons" are subject to suit under Section 1983, and entities such as state agencies, prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[29]

Harrison, therefore, cannot sue the DOC or SCI Dallas under Section 1983 because they are not "persons" subject to Section 1983 liability.[30] Additionally, any claim against a state agency is akin to suing the state itself, and such claims are generally barred by Eleventh Amendment sovereign immunity.[31] Accordingly, any Section 1983 claim against the DOC or SCI Dallas will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[28] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[29] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[30] *See Fischer*, 474 F.2d at 992; *Foye*, 675 F. App'x at 215.

[31] *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[32] Harrison's allegations of mistreatment and repeated sexual assault at SCI Dallas are serious and troubling. She will be granted leave to amend in the event that she can plead facts that would plausibly state a Section 1983 claim against a viable defendant.

Nevertheless, the Court will dismiss with prejudice any Section 1983 claim against the DOC and SCI Dallas, as these entities are not "persons" for purposes of Section 1983 liability. Granting leave to amend these claims would be futile.

If Harrison chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth her Section 1983 claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Harrison must leave one-inch margins on all four sides of the pleading.[33] Any exhibits or documents she wishes to present should be attached to the amended complaint. Harrison *may not* include claims that have been dismissed with prejudice. She must name proper defendants and

---

32 *Grayson*, 293 F.3d at 114.
33 *See* LOCAL RULE OF COURT 5.1.

specify the offending actions taken by a particular defendant. She must also sign the amended complaint and indicate the nature of the relief sought.

If Harrison does not timely file an amended complaint, dismissal of any Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Harrison's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because she fails to state a claim upon which relief may be granted. Harrison may file an amended complaint in accordance with this Memorandum. If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge